**UNITED STATES of America,
Plaintiff–Appellee,**

v.

**Ronae Valyn JULL, Defendant–
Appellant.**

No. 00–30293, 00–30392.
D.C. No. CR–98–6014–RHW.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Nov. 5, 2001.

Decided Nov. 21, 2001.

Before REAVLEY,* B. FLETCHER, and TALLMAN, Circuit Judges.

### MEMORANDUM [1]

Ronae Jull pled guilty to one count of wire fraud, a violation of 18 U.S.C. § 1343, in connection with a fraudulent investment scheme. The plea agreement stipulated that Jull would be ordered to pay restitution in accordance with 18 U.S.C. § 3663A, the Mandatory Victim Restitution Act ("MVRA"). The district court ordered restitution in the amount of $1,289,333.51 to cover losses for all the victims of Jull's investment scheme. Jull contests the amount of the restitution order on two grounds: (1) that the district court did not properly consider her future ability to pay, and (2) that the amount impermissibly exceeded the loss incurred under the offense of conviction and the loss stated in the indictment. We affirm.

### I. Relevance of the Defendant's Ability to Pay

Jull first contends that the district court did not properly assess her future ability to pay restitution under the Victim Witness Protection Act ("VWPA"), 18 U.S.C. § 3663. However, the MVRA, not the VWPA, governs the imposition of restitution for Jull. Unlike the restitution provisions of the VWPA, the MVRA, 18 U.S.C.

---

* The Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

1. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

§ 3663A, requires the court to impose full restitution without considering the defendant's economic circumstances. *United States v. Kubick,* 205 F.3d 1117, 1128 (9th Cir.1999). In this case, neither party contested the application of the MVRA below, and the plea agreement specifically stipulated that restitution would be ordered in accordance with 18 U.S.C. § 3663A, the MVRA. Although the district court inquired into the defendant's ability to pay, it adopted the presentence report, which called for restitution under 18 U.S.C. § 3663A.

By law, the MVRA was the applicable restitution statute for Jull's crime. The MVRA covers restitution for offenses against property committed by fraud or deceit. *See* 18 U.S.C. § 3663A(c)(1)(A)(ii) (2000). Jull pled guilty to wire fraud, a property offense committed by fraud within the meaning of 18 U.S.C. § 3663A(c)(1)(A)(ii)(2000). In addition, the offense of conviction and the underlying scheme were executed after the MVRA's effective date. Since the MVRA requires restitution in full for this offense without regard to the defendant's economic circumstances, any error committed by the district court in assessing Jull's future ability to pay could not reduce the amount of restitution. Therefore, there was no reversible error.

## II. The "Scheme Provision" of the MVRA

◼ Jull next argues that the district court erred in ordering restitution beyond the loss caused by the offense of conviction. In 1990, the VWPA was amended to provide that "a victim" under the act includes, "in the case of an offense that involves as an element a scheme, conspiracy, or pattern of criminal activity, any person directly harmed by the defendant's criminal conduct in the course of the scheme, conspiracy, or pattern." 18 U.S.C. § 3663(a)(2) (2000). After the amendment, restitution may be ordered for losses to persons harmed in the course of the defendant's scheme even beyond the counts of conviction. *United States v. Lawrence,* 189 F.3d 838, 846 (9th Cir.1999). This 1990 amendment was incorporated into the MVRA upon its enactment in 1996. 18 U.S.C. § 3663A(a)(2) (2000).

Jull was convicted of one count of wire fraud committed to execute or attempt to execute a scheme to defraud investors, according to the plea agreement. The scheme was one of five elements to the offense of wire fraud. 18 U.S.C. § 1343 (2000). The facts in support of the plea describe Jull's scheme with specificity. Under these facts, Jull's offense fits squarely into the 1990 amendment permitting restitution beyond the offense of conviction for victims directly harmed by her fraudulent scheme. The district court did not err in ordering restitution exceeding the loss caused by the offense of conviction.

◼ Jull contends that, even if the "scheme provision" of the MVRA allows for restitution beyond the offense of conviction, the district court erred in ordering restitution for victims who were not alleged or proven to have been defrauded by the scheme specifically as described in the indictment and plea agreement. According to Jull, the scope of the scheme established by the indictment and plea agreement was limited to Jull's wiring fraudulent, written guarantees of return of the investors' funds. The only victims expressly alleged to have received such a written guarantee were those listed in the indictment, and the loss sustained by these victims was only $324,000.

However, the facts in support of the plea actually describe Jull's scheme more broadly. According to the plea agreement,

Jull induced investors to send her a minimum of $5000 by offering a return of fifty times their investment in ninety days, and she misrepresented that the funds would be forwarded to an attorney group in California. She also misrepresented that she had a masters degree in psychology. The written guarantee is described in the plea agreement as only a "part of her scheme of marketing these fraudulent investments." By accepting the plea agreement, Jull admitted these facts as true. Thus, the scheme was not as limited as Jull contends.

The government bears the burden of demonstrating the amount of the loss sustained by a victim as a result of the offense, and the amount must be proved by a preponderance of the evidence. 18 U.S.C. § 3664(e) (2000). The government met its burden in this case. The government submitted to the district court a list of investors that Jull had given to Michael Wagen, one of the investors in her investment program, to help her fend off the other investors who were "clamoring for their money." The government asserted that this list was Jull's prior admission regarding the victims directly harmed by her fraudulent scheme.

Jull apparently accepted that this list was the appropriate basis for determining the amount of restitution. At the sentencing hearing, the defendant disputed only the amount of the offset, conceding that the base amount of $1,648,388, calculated from the list and from which the offset deductions were to be made, was correct. In summary, the government's evidence on the amount of loss caused by the defendant's scheme was undisputed, and, thus, it was proved by a preponderance of the evidence that the victims on the list were directly harmed by Jull's fraudulent scheme and were entitled to restitution under the MVRA. We hold that the district

court did not err in ordering restitution for all the victims included in this list.

AFFIRMED.